TUCKER, Judge.
Since yesterday, I have had an opportunity of consulting the judges of the general court who are now in town; and they agree, that the practice in the district courts is to consider it to be error, if it do not appear, by the record, that the defendant was called on the day to which the notice was given. And, where notices are given to any particular day in the district court, the practice, both by them and myself, has been invariably considered as requiring that the defendant should be called, before any continuance, of the cause, is made.
The reasons in support of this practice appear to me to be very strong. The proceeding is summary; the defendant may have attended the whole day to repel the motion, and have waited, only, until he was called, to defeat the motion ; the plaintiff may have been conscious of some error, or perhaps trick in the proceedings; and therefore (as is not unfrequent in other cases) have directed the continuance, without addressing himself to the court. If this court sanction the practice, it may produce infinite mischief and inconvenience. Averse, as I feel, to unsettle decisions which have been heretofore made, I think it better to recur *to principles, than to adhere to a precedent, which possibly might have been established without adverting to the consequences, which might result from it.
I am therefore of opinion that the judgment of the district court ought to be reversed, with a direction, to that court, to award a writ of certiorari to the county court to certify and transmit the original minute book (or a copy therefrom by consent of parties) to the district court: and with this further direction, that if it do-not appear by the return upon the certiorari, that the defendant was solemnly called on the day to which the notice was given, that the judgment of the county court be reversed. Saving to the defendant in the appeal the right of confessing error in the-district court, if disposed so to do. Unless he chooses to do it here, in which case T think the confession ought to be admitted, and the judgments of the district and county court wholly reversed.
The case of Stannard v. Graves’s executors, in the high court of chancery, differs from the present, at least in this respect; that the defendant appeared by his counsel on the day the motion was made; and, for aught that appears to the contrary by the record, might have consented to let the motion lie over till another day, without the defendant being called, or any special order of continuance being made. What the defence was, or what the practice in that court, as a court of equity, may be, I cannot presume to know. But I conceive the uniform practice in the general court before the new organization of that court, to have been to require the defendant to be solemnly called. And, in the distiict courts, the same practice I believe has obtained. In the present case, I km persuaded the affirmance happened from the omission not being noticed, in reading the record. And I think great respect is due to the general practice of the general court and district courts, in cases where the practice proceeds on the side of caution. A circumstance not often chargeable on the proceedings of the courts of this commonwealth.
14*ROANE, Judge.
The case of Stannard v. Blades is stronger than the case before us. In that case no notice whatever was taken on the record of the motion on the appointed day. In this case the motion was docketing and continued. The judgment of the court for such docketing and continuance being public acts done on the very day to which the party was summoned to attend, were substantially equivalent to a solemn call by the crier; and this more especially in a county court where, on the same day, the judgments of the court are publicly read and signed. I do not consider that there is any magic in a solemn call by a crier, which cannot be supplied by other circumstances of equal notoriety, and equally calculated to prevent a surprize on the defendant. This is the great desideratum in cases of this kind. Even this desideratum was wanting in the case of Stannard v. Blades. But as it appeared from the chancellor’s decree that the defendant on a subsequent day made a *866 defence, and did not then take the objection afterwards taken to the want of a solemn calling on the day, it was held that his appearance cured the defect, and admitted he was not surprized. The practice of the court of chancery also was almost unanimously stated in support of the decision. In the case before us on the second day the defendant was called, and after judgment was rendered against him he appeared in person. Why did he not then take the objection? It would be too much after the motion had, by the docketing, become a lis pendens, and after a defence on the merits, or, which is the same, when Ihe defendant was present' and did not take the objection, to reverse a judgment in the appellate court on account of such technical objection, which was substantially supplied. The course of decision in this court discountenances such an objection. I shall therefore be of opinion to affirm the judgment.
FLEMING, Judge.
The sole object of calling the defendant is to prevent sur-prize; but, in the present case, it is unimportant, whether that step was taken on the first day, *or not; for it appears he was in court on the day the judgment was rendered to give bond upon the appeal; and if he had a defence, he might then have made it. The case is the stronger too, as it was in the county court, where the orders are always read in the evening, and therefore if the defendant was attending, as has been suggested, he could not have been surprized, as he would have had an opportunity of knowing that the cause was continued.
CARRINGTON, Judge.
The practice in the general court has been rightly stated; but I recollect no case, there, which was exactly like this. When the record was first read, I ■ thought the defendant was absent; but upon examining it more carefully, it appears that he was in court on the day of the judgment, and gave bond upon the appeal. He therefore was not taken by surprize, but might have defended the cause, if, in fact, he had any defence to make. In Stannard v. Graves’s ex’ors, the counsel appeared, at a future day, to controvert the sufficiency of the notice; and it was held, that as he might then have defended his client upon the merits, there was no cause of complaint. There is no difference between the cases; except that in that the defendant was in court by counsel, and here in person. I am therefore for affirming the judgment.
LYONS, President.
The act of assembly only requires notice; which the defendant had; and the plaintiff was not bound down to a particular hour. Dougl. 67, n. The defendant knew that judgment was rendered ; for he was in court, and appealed; consequently, if he had had any defence he might have made it. Indeed it does not appear that he was not called: the entry on the minute book generally is, that the cause is continued, and not that the defendant was called, although that might have been the fact. I concur with the majority of the judges, that the judgment should be affirmed.